LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY, Plaintiff,

v.

RED COMB PIONEER MILLS,
Inc., Defendant.

No. 1106.

United States District Court
E. D. Kentucky.

March 22, 1957.

C. S. Landrum, Lexington, Ky., for plaintiff.

McDonald, Alford & Roszell, Angus W. McDonald, Lexington, Ky., Burchmore, Good & Bobinette, John S. Burchmore, Robert N. Burchmore, Charles B. Myers, Chicago, Ill., for defendant.

FORD, Chief Judge.

By this action, jurisdiction of which is invoked under Title 28, U.S.C. § 1337, the plaintiff Louisville & Nashville Railroad Company seeks to recover additional charges in the amount of $1,879.31

from defendant, Red Comb Pioneer Mills, Inc., a miller and shipper located at Lexington, Kentucky, for services rendered in the interstate transportation of 45 carload shipments of poultry feed. The parties are in disagreement as to the rate authorized on the shipments by the provisions of the L. & N. R. R. Grain and Feed Transit Tariff, G.F.O. No. 12–K, a copy of which is filed herein as Exhibit "A", under which Red Comb is entitled to "milling-in-transit" privileges at Lexington by milling or manufacturing poultry feed from grain products. The parties have selected one shipment as representative of the 45 and have agreed that the court's decision as to the rate applicable to that shipment shall govern the rate applicable to all the shipments involved.

The original shipment in question was corn purchased by the defendant at Colfax, Illinois, which was transported therefrom to Cincinnati, Ohio, by the Illinois Central Railroad from Colfax to Chicago, and thence to Cincinnati by the Chesapeake & Ohio Railway. It was then brought by the plaintiff from Cincinnati to Lexington, where the corn was milled and thereby converted into poultry feed. The poultry feed was then transported by the defendant from Lexington to Jasper, Georgia.

■ Even though the shipment with which we are concerned arrived at Lexington as corn, and by milling was converted into and shipped from Lexington as poultry feed, under the milling-in-transit privileges to which defendant is entitled, it is to be considered as a continuous shipment of poultry feed from the point at which such privileges are accorded under the L. & N. Transit Tariff to its final destination at Jasper, Georgia. Great Northern Ry. Co. v. Commodity Credit Corp., D.C., 77 F. Supp. 780, 787. The question to be determined is whether the tariff accords the milling-in-transit privilege from the point of origin of the shipment at Colfax, Illinois, or only from Cincinnati, Ohio.

The facts are not in dispute and it is stipulated that the only issue presented is the proper construction and application of transit privileges under Item 5240, set out on page 90 of the Tariff G.F.O. No. 12–K, which, so far as here pertinent, is as follows:

"Application of Transit Privileges as Defined in Item 5

| Transit Point: LEXINGTON, KY. | | | |
|---|---|---|---|
| Item | Origin | Destination | Basis — Milling in Transit |
| 5240 | Cincinnati ........Ohio)<br>Covington .........Ky.)<br>Newport ..........Ky.)<br>East St. Louis ......Ill.) Proper<br>Evansville .........Ind.) or when<br>Henderson .........Ky.) from<br>Owensboro ........Ky.) beyond<br>Louisville ..........Ky.)<br>Jeffersonville ......Ind.)<br>New Albany .......Ind.)<br><br>*********<br><br>Via L. & N." | S.E. Ty.<br>Car. Ty.<br>********<br><br>Via L. & N. | Lists 1, 2, 3, and 4<br><br>Through rate on the particular kind of milled product. |

The controversy between the parties centers in the meaning of the phrase "Proper or when from beyond", as set out in the above Item, the plaintiff contending that the milling-in-transit rate applies only from Cincinnati and the defendant contending that under the phrase "Proper or when from beyond" the transit privilege applies from the original point of origin of the shipment, Colfax, Ill. If the tariff provision, above set out, referring to Cincinnati, Ohio, as origin "Proper or when from beyond", be construed in isolation entirely apart from other provisions of the tariff, there would seem to be sufficient ambiguity in this provision of the tariff to warrant application of the rule that ambiguities in a tariff must be resolved in favor of the shipper. However, it seems to be clearly established that a railroad tariff is treated as though it were a statute, binding as such upon railroad and shipper alike, and the same rule which authorizes the consideration of all parts of a statute or other document which are in pari materia in the interpretation of a particular provision likewise applies to determining the meaning of a provision of a railroad tariff. W. P. Brown & Sons Lbr. Co. v. Louisville & Nashville R. Co., 299 U.S. 393, 397, 57 S.Ct. 265, 81 L.Ed. 301; Updike Grain Co. v. Chicago & N. W. Ry. Co., 8 Cir., 35 F.2d 486, 487; Pillsbury Flour Mills Co. v. Great Northern Ry. Co., 8 Cir., 25 F.2d 66, 69; 13 C.J.S., Carriers, § 303, p. 704; 50 Am. Jur. p. 350, § 352.

Item 95, set out on page 8 of the tariff in question, is a general rule governing the milling-in-transit privilege, and provides as follows:

"Item 95. Transit from or to Points not Specifically Provided for.

Origin—On shipments from origins from which transit is not authorized herein, transit may be granted on basis of the applicable rate on the inbound commodity from point of origin to a transit origin, plus rate authorized herein from such transit origin to final destination."

While Item 5240, as above set out, contains a specific provision for milling-in-transit privilege from Cincinnati, Ohio, "Proper", no milling-in-transit privilege is specifically authorized on shipments from Colfax, Illinois, or any other origin beyond Cincinnati. Thus Item 95 throws sufficient light upon Item 5240 to remove any ambiguity which might otherwise exist, with the result that Item 5240, considered in the light of Item 95, authorizes the railroad to apply the milling-in-transit privilege here involved on the basis of the applicable rate on corn, the inbound commodity, from the point of origin, Colfax, Illinois, to Cincinnati, Ohio, the transit origin, indicated in Item 5240, plus the applicable rate on poultry feed from Cincinnati to Jasper, Georgia, the point of destination.

Let judgment be entered in conformity herewith.