## In re Matter of PHYSICIANS & DENTISTS INVESTMENT CORPORATION.

### No. 4708.

United States District Court
D. South Carolina,
Columbia Division.

Jan. 13, 1966.

Marion L. Powell, Aiken, S. C., for Vernon R. Scott, trustee, for debtor.

James D. Walters, Columbia, S. C., for W. J. Brockington, creditor.

HEMPHILL, District Judge.

Exceptions to the Report of the Referee in Bankruptcy precipitate decision by this Court. Necessary to a clear understanding is an almost complete recitation of the Referee's Report:

Pursuant to general order of reference I have conducted a reference in my office on the Petition of William J. Brockington for order confirming State Court adjudication hereinafter mentioned.

\* \* \* \* \* \*

An action was brought in the Court of Common Pleas of Richland County by William J. Brockington as plaintiff against Physicians and Dentists Investment Corporation, and others having an interest in the premises, to declare forfeited a lease between Brockington as Grantor and Physicians and Dentists Investment Corporation as Lessee. This action was instituted on April 19, 1962. Subsequent to the institution of the action, Physicians and Dentists Investment Corporation was placed in receivership by the State Court and Walter S. Montieth was appointed

Receiver. He, as Receiver was given leave by the Court to file his answer to the Complaint, and along with all other defendants filed his answer setting up various defenses. The matter was referred to Harry M. Lightsey, Esq., Master in Equity, who after hearing the matter rendered his report dated October 28, 1963.

The Master recommended as follows:

I, therefore, would recommend that this court pass its order approving the above findings and recommendations; that this court do further order:

(1) That as of October 2, 1961, the unencumbered fee simple title and the possession of the building on the land described in the land lease designated as Exhibit A in this record was vested and as a matter of law transferred to the plaintiff in this action subject to all rights and leasehold interest of defendant W. A. Nimmer in and to that written lease agreement by Physicians and Dentists Investment Corporation, as Lessor, and William J. Brockington, as Lessee, dated February 18, 1960, and identified in the record of this case as Exhibit B.

(2) That all net rents after commissions heretofore received by Walter S. Monteith, Receiver of the defendant Physicians and Dentists Investment Corporation, less all taxes paid by the Receiver, be paid over by the Receiver to the plaintiff in this case.

(3) That all liens filed in the office of the Clerk of Court for Richland County against the building which is the subject of this action be declared released and discharged from the building which is the subject of this action on the ground that all liens and judgments set forth in the record of this case were filed in the office of the Clerk of Court for Richland County subsequent to the date of

the forfeiture, namely October 2, 1961. That this court do order that the fee simple unencumbered title to the building which is the subject of this action, and the portion of the building which is the subject of this action subject to the leasehold interest and rights of the defendant W. A. Nimmer be confirmed in the plaintiff in this action as of October 2, 1961.

\* \* \* \* \* \*

By order of \* \* \* (Hon. J. Robert Martin, Chief Judge) filed January 8, 1964, it is provided that the removal of the stay order of the proceedings in the State Court was for the purpose that the same might proceed orderly to judgment in the State Court and that the Trustee and his attorney provide proper representation for debtor in said State Court proceedings, with the rights and property to be preserved as if the cause were held in the District Court.

The receiver of bankrupt was appointed by State Court and vigorously defended the interest of the bankrupt corporation. However, the Trustee in Bankruptcy after adjudication was not substituted as a party defendant in the State Court proceedings. It appears to the Referee that this should have been done in the course of orderly practice and procedure. I do not mean to say that the result in the said court would have been different from the conclusion reached by the State Court. However, it does seem that the Trustee in Bankruptcy has not had his day in court, so to speak. A review of the Judgment Roll (7082) in the State Court reveals that the Receiver therein offered to pay to Brockington all past due rentals and to keep up the same, and to reimburse Brockington for taxes and insurance premiums paid by him on the property in question. The State Court refused to permit this to be done and held that there had been a forfeiture under the terms of the lease and ordered vestiture of the leased premises in Lessor Brockington. The rental of the land is One Hundred Dollars ($100.00) per month. The building constructed thereon by Physicians and Dentists is divided into two parts. One part is rented to Brockington for Three Hundred Twenty-Nine Dollars ($329.00) per month, which rental has been assigned to W. A. Nimmer who advanced money to Physicians and Dentists to construct the building, taking a note therefor secured by the assignment of lease with Brockington. The other part of the building is rented for Three Hundred Dollars ($300.00) per month. Thus, there would be adequate funds to comply with the financial terms of the lease of the land from Brockington to Physicians and Dentists.

Attention is called to orders of Judge Grimball of March 12, 1964, which dismisses exceptions to the Master's report filed by Messrs. Powell, George, and Poston, attorneys for the defaulting Physicians and Dentists Investment Corporation. This order recites that the testimony before the Master indicated that the equities in favor of plaintiff outweighed the equities in favor of the defendant Physicians and Dentists Investment Corporation. Subsequent appeal to Supreme Court was never perfected and was dismissed.

The only phase of this mangled proceedings which concerns the Referee is that the Trustee in bankruptcy was not substituted as a party defendant, and for that reason it might be held that the Trustee representing the creditors did not have his day in court.

For the reason just mentioned, it is the recommendation of the Referee that the State Court be requested to reopen the case in order that the Trustee may be made a party defend-

ant, with the right to plead to the Complaint and be heard thereon.

Respectfully submitted,

/s/ W. C. Boyd

Referee in Bankruptcy

Petitioner Brockington filed timely exceptions to this Report, allegeing that:

1. That the Referee erred in finding that the Trustee in Bankruptcy should have been made a party defendant in the State Court action in that the interest of the creditors and of the debtor was fully and competently represented by the State Court Receiver and counsel for the State Court Receiver.

2. That the Referee in Bankruptcy erred in recommending that the Trustee in Bankruptcy be made a party defendant in the State Court action with right to plead to the Complaint, whereas the Referee should have recommended that the Trustee be allowed to file exceptions to the Master's Report which was the stage of the progress of the State action in which the Trustee petitioned to intervene.

In a particular controversy, a litigant is entitled to only one "day" in Court. "When the sun sets on that 'day', no exhortation, no matter how eloquent, can persuade its return." Cooper Agency v. McLeod, 247 F.Supp. 57, 61 (E.D.S.C. 1965). The question is: Has the Trustee had an *opportunity* to have a full hearing? This question must be considered with the understanding that "[f]orfeitures are not favored in law and Courts will seize upon even slight evidence to prevent one," Elliott v. Snyder, 246 S.C. 186, 191, 143 S.E.2d 374, 375, and that a court of bankruptcy has the power to see that there is no injustice in the administration of a bankrupt's estate, particularly when the benefit would inure to an officer of the bankrupt corporation. Braddy v. Randolph, 352 F.2d 80, 84 (4th Cir. 1965).

With an awareness that the director of the bankrupt corporation was seeking to have a forfeiture declared in his favor,

when there was a tender of the amount owed which was refused, the Court, during oral argument, expressed particular concern as to whether or not the Trustee had an opportunity to fully show the "equity" he alleges. With that in mind, it was suggested that an affidavit be obtained from counsel who formerly represented the receiver in the State Court because all the facts alleged were not "of record" because when there was "discussion" or "argument" in the State Court record, it was denominated as such and not recited. The affidavit, which was obtained subsequent to argument provides:

PERSONALLY appeared before me C. S. Monteith, Jr., who, being duly sworn, deposes and says that he is a practicing attorney of the Richland County Bar and has been for forty years.

Deponent says that this Affidavit is made and given upon the specific request of The Honorable Robert W. Hemphill, Judge of the Federal District Court, Columbia, S. C.

Deponent states on information and to the best of his knowledge and memory, the following facts in connection with the above entitled case:

In 1962, as a practicing attorney, representing the State Receiver of the then defunct Physicians and Dentists Investment Corporation, he appeared to defend an action brought by the Plaintiff, Dr. William J. Brockington. In said action Dr. Brockington was seeking to enforce a forfeiture of a ground lease involving property located on Millwood Avenue in the City of Columbia, S. C. Said property was very valuable and a forfeiture of the lease in favor of Dr. Brockington would cause thousands of dollars loss to the innocent bond holders and stockholders of Physicians and Dentists Investment Corporation and would result in unjust enrichment to Dr. Brockington.

Deponent further says that during the period prior to the hearing in which he appeared as attorney, Dr.

Brockington was an officer and director of Physicians and Dentists Investment Corporation.

At the hearing held before Master in Equity Lightsey, Deponent says that to the best of his memory and belief, when the time came for the adjournment for lunch, this Deponent was then engaged in the cross-examination of Dr. Brockington. This Deponent is further informed and believes that very damaging admissions had been obtained from Dr. Brockington in connection with the case then in progress. That, after the lunch hour, the attorney for Dr. Brockington stated to the Court that Dr. Brockington could not return that afternoon for further cross-examination, giving as his excuse the fact that the doctor had several emergency dental appointments. In view of the motion of the attorney for Dr. Brockington, the hearing was adjourned, to be reconvened at a later date.

That in the interim (just about on the exact date of the adjournment); before the cross-examination of Dr. Brockington was complete; before Defendant had opportunity to place witnesses on the stand in reply (if such had been desirable or appropriate); an Order was received from the Federal Court taking the jurisdiction of said case away from the State Court and placing it in the Federal Court under the Federal Bankruptcy Act, and appointing Vernon Scott, an attorney of Columbia, S. C., as Federal Trustee.

This Deponent then turned over all files in his office, including all correspondence, etc., to Mr. Vernon Scott as Trustee. Deponent further gave him and his counsel, Powell, Poston and George, a full explanation of all matters which he had handled as attorney for the State Receiver, including the instant case. Deponent then applied to the State Court for discharge of the State Receiver and of this Deponent as attorney for the State Receiver. Thereafter, if the memory of this Deponent is correct, the Master in Equity was advised that this Deponent had no further interest in the case and could put up no further testimony as he no longer had any client to represent, in view of the Federal Court Order. Thereafter, this Deponent divorced himself from all actions taken after the date of the discharge of the State Receiver, and the turning over of all files to the Federal Trustee, and is therefore not familiar with what has transpired since that time.

Deponent further says that after more than three years some details of the case are missing from his memory but he definitely has the feeling that if full hearing had been held on the matter, which was then adjourned, that any Court of competent jurisdiction would have refused the forfeiture being asked by Dr. Brockington and would have preserved very valuable assets belonging to the innocent stockholders and bond holders of the then defunct Physicians and Dentists Investment Corporation, especially in view of Dr. Brockington's position as a director and officer of said corporation.

While it might not be appropriate to the present case (though it is intimately connected), this Deponent further says that the minutes of directors' meetings of the Physicians and Dentists Investment Corporation will show that a purported meeting of the Board of Directors was held prior to the appointment of the State Receiver. Such minutes were signed by Dr. Brockington as an officer and by one other officer of the corporation, certifying that a quorum of the Board of Directors was present. At said meeting a promissory note of Dr. Brockington, which he had given to purchase a large block of stock in Physicians and Dentists Investment Corporation, was cancelled by this purported meeting and also a note of

the other officer who signed the minutes was cancelled. Upon investigation, this Deponent learned, and is informed and believes, that no such meeting was held and that the persons who were marked present at said meeting were not present, did not know of the meeting and did not participate, and that a quorum was not present, even though the official minutes of the Board of Directors signed by Dr. Brockington and one other officer, stated that there was.

Deponent further believes that he filed suit on this note, alleging that the purported cancellation was valueless, but that the Defendant filed Answer stating that the note was not yet due and that suit was premature and action could not be brought until 1966. This defense was correct; the suit was dropped but this Deponent definitely felt that Dr. Brockington was liable to the stockholders and bond holders on this note. If the memory of this Deponent serves him right, at the time of the cross-examination of Dr. Brockington, many of the facts regarding this note were brought out, which Deponent feels sure were not only embarrassing but alarming to Dr. Brockington.

Written proof of the facts as stated herein about the note or notes was contained in the files turned over to the Federal Trustee. The official minute book of the corporation will show these facts to be correct, and there were in the files letters from several directors saying that not only were they not present at the directors' meeting when the minutes stated that they were, but they had no notice of such meeting and did not know that one had been held.

/s/ C. S. Monteith, Jr.

As the affidavit above, which was furnished at the express direction of the Court, patently shows, there is considerable hearsay and "information and belief," and no one would contend that all the contents of the affidavit would pass muster against the rules of evidence. However, enough is shown, along with the other evidence, to convince this Court that a full day in Court has not been had.

This Court is not passing on whether or not the Trustee should have been allowed to take exception to the Master's Report. In the present state of the record it is not necessary to make a decision thereabout or thereon. The Court will harken to the admonition of Justice Cardozo with reference to dictum and shall attempt to restrict itself to the *ratio decidendi*. See Cardozo, The Nature of the Judicial Process (1921) 29–30, and the poignant remarks of Justice Frankfurter dissenting in Bisso v. Inland Waterways Corp., 349 U.S. 85, 100, 75 S.Ct. 629, 99 L.Ed. 911.

The record now before the Court is irresistably persuasive that the Trustee has not had an opportunity to have his day in Court. Accordingly, this Court in the exercise of its discretion will remand [1] this matter to the Referee in Bankruptcy with direction that he hold an evidentiary hearing *de novo*, with all parties having the right of full presentation. Necessarily there will be some duplication of effort, but it is hoped that the parties will stipulate undisputed facts to the end that a final adjudication can be had.

Therefore this entire controversy will be remanded to the Referee in Bankruptcy who will hold an evidentiary hearing *de novo*. The Referee will then make findings and recommendations to the Court.

The Clerk will make the appropriate entry.

And it is so ordered.

1. In oral argument, counsel for Trustee moved for this relief.