STATE of Texas, Appellant,

v.

EL PASO ELECTRIC CO. et al., Appellees.

No. 5770.

Court of Civil Appeals of Texas.

El Paso.

April 27, 1966.

Rehearing Denied May 18, 1966.

Waggoner Carr, Atty. Gen., W. O. Shultz, Hawthorne Phillips, Stanton Stone, J. E. Davis and Owen Wade Anderson, Asst. Attys. Gen., Austin, for appellant.

Kemp, Smith, Brown, Goggin & White and J. Leighton Green, El Paso, for appellees. .

PRESLAR, Justice.

█ This is a suit brought by the State of Texas, the appellant, to escheat certain personal property held by appellee El Paso Electric Company, under the provisions of Article 3272a, Texas Revised Civil Statutes. The trial court heard the case without a jury and entered judgment for the State for the items claimed by it, except for an item of $500.64 in unclaimed wages. As to the unclaimed wages, the court sustained appellee's contention that limitations had barred the causes of action of the persons to whom these wages were owed and denied the State the right to escheat such wages. That portion of the judgment is the subject of this appeal.

Appellant's point of error is:

"The trial court erred in holding that the statutes of limitations had barred the actions of the persons to whom the unclaimed wages are owed."

In its petition appellant alleges that such wages were abandoned within the meaning of the escheat statutes, Articles 3272 and 3272a, R.C.S., and that same were "personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years, * * *" and setting out, by its attached "Exhibit C", the persons to whom such wages were owing, the sums due, and the dates same were due and payable. Exhibit C shows that all of such sums were due and

payable more than ten years prior to the institution of appellant's suit. Appellee pleaded the two and four-year statute of limitations as to such wages. On the trial Irwin Lambka, the Assistant Treasurer of appellee, testified that any of the persons listed in Exhibit C of appellant's petition as the owners of unclaimed wages who presented themselves at the office of appellee and requested payment of such wages would be promptly paid. Such testimony was given in response to questions by the attorney for appellant, and was not objected to by appellee. Appellant urges that such testimony amounts to a waiver or abandonment of appellee's limitations plea. With that we do not agree, for the plea of limitations is that the claims are barred by the two and four-year statutes of limitations— that such claims are over two and four years old. The testimony is that the claims would be paid if request was made. The witness is not saying that the claims are not barred. His testimony is not that the claims are less than two and four years old. Thus, it is not a withdrawal or abandonment of the assertion that they are within the statutes of limitations. At best, it can be only an acknowledgment of the justness of the individual employee's claim. As such, it fails to meet the requirements of Article 5539, Revised Civil Statutes, which provides:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

That the action here "may appear" to be barred is not in doubt, for the basis of appellant's action is that the claims are over seven years old, and its exhibit in support of such action shows all to be over ten years old. Both parties were contending that the wage claims were more than four years old, so there was no issue raised by the

pleadings and the above is the only evidence on the subject except a further statement by Mr. Lambka that none of the listed employees had appeared and requested payment. We think the trial court was correct in holding the claims barred by limitations, and the appellant's point of error is accordingly overruled.

The courts of this State have already determined that in a suit by the State to escheat unclaimed wages, the State cannot acquire any better right to enforce the claims than was possessed by the former owners, and if the claims are barred to the former owners, the State cannot acquire such property by escheat. Southern Pacific Transport Company v. State, 380 S.W.2d 123 (Tex.Civ.App.1964, wr. ref.); State v. Williamson-Dickie Manufacturing Co., Tex.Civ.App., 399 S.W.2d 568.

The judgment of the trial court is affirmed.