

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1969

Honorable Jesse James
State Treasurer of Texas
Drawer X
Capitol Station
Austin, Texas    78711

Dear Mr. James:

Opinion No. M-476

Re:    Whether funds held in deposit
        by chain store for the purpose
        of paying its own money order
        type drafts but which drafts
        are not timely presented, are
        subject to escheat laws.

        Your recent letter requesting the opinion of this office
reads in part as follows:

        "A chain store has established a new money
order service for its customers, and is in compli-
ance with the State of Texas 'Sale of Checks Law'.
Store prepares forms of money order type drafts on
one of store's bank accounts which is established
for this service.  Store has not established a
trust or agent accounts.  Store sells what are,
in fact, its own bank drafts drawn against its
accounts and secured by its assets.  The creation
of the new bank account for these checks is for
ease of record keeping only.  Store fills in the
date and amount and such other relevant information
as may be necessary, when customer purchases the
draft.  Store gives the original to customer and
retains a copy for its internal purposes.  The
payee is not named at the sale time.  The drafts
are serially numbered and appropriate records are
kept on each draft issued.  A service charge is
made.  Store deposits the purchase money in the
aforesaid account.  The deposit remains therein
until the draft is presented for payment.

        "Store prints on the obverse of each draft,
'Void unless Presented within SIXTY (60) days',
or words to that effect.  Store dishonors any
items presented after more than 60 days from the
date of purchase.  Moreover, store asserts the four-
year statute of limitations in any action brought

- 2375 -

to recover on any draft when said action is commenced after four years from date of issuance.

"Record copies retained by store at the time of issuance are used for identifying items over 60 days old. When an item goes over 60 days, the record copies are given further processing and a separate account is established. Funds equivalent to the face amount of the over-60-day items are transferred from the active account for drafts to the account for items which will be dishonored. For ease of operation, these changes appear on the books of store and do not involve a transfer of funds at the depository or the creation of a new bank account.

"1. Are the funds which remain on deposit for those drafts which are not presented for payment subject to the escheat law of the State of Texas? (Article 3272a, Revised Civil Statutes)

"If the above is answered in the affirmative, then the next question is:

"2. If subject to escheat laws and reported, is the affirmative defense of the Statute of Limitations available to the store so that proceeds would not be payable to the State upon demand, but only subject to being reported under the facts as presented?"

Article 3272a, Vernon's Civil Statutes, requires that certain personal property be reported to the State Treasurer of Texas as property subject to escheat. The personal property covered by this article is defined in Section 1(b) as follows:

"The term 'personal property' includes, but is not limited to, money, stocks, bonds and other securities, bills of exchange, claims for money or indebtedness and other written evidences of indebtedness, dividends, deposits, accrued interest, purchase payments, sums payable on certified checks, certificates of membership in a corporation or association, amounts due and payable under the terms of any insurance policy, security deposits, unclaimed refunds and deposits

> for utility or other services, funds to redeem
> stocks and bonds, undistributed profits, dividends,
> or other interests, production and proceeds from
> oil, gas and other mineral estates, and all other
> personal property and increments thereto, whether
> tangible or intangible, and whether held within
> this State, or without the State for a person
> or beneficiary whose last known residence was
> in this State."

Under the facts which you have presented, the chain
store is indebted for the face amount of the drafts or money orders
sold. The assets of the corporation secure the payment of this
indebtedness. The term "personal property", as defined above,
clearly includes an indebtedness of this nature.

Property covered by the statutes is required to be re-
ported by the holder if it has remained unclaimed by the rightful
owner for a period of seven years. It is therefore patent that
at the time the statute requires a report to be filed the periods
prescribed by the two and four year statutes of limitation (Arti-
cles 5526, 5527, Vernon's Civil Statutes) would already have ex-
pired; and in those instances where such statutes would afford
the holder a valid defense to an action by the owner for recovery
of the property, such defense would have accrued at the time the
report is required. However, this fact does not foreclose the
question of whether such property is nonetheless required to be
reported.

It is a well settled principle in this State that the
statutes of limitation do not destroy a debt but merely extinguish
the remedy. Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed.
483 (1885); Hays v. Cage, 2 Tex. 501 (1847); Livesay v. First
National Bank, 57 S.W.2d 86 (Tex.Comm.App. 1933); Central National
Bank v. Latham, 22 S.W.2d 765 (Tex.Civ.App. 1931, error ref.).
A plea of limitations is an affirmative defense and is not avail-
able unless specifically set forth in a party's pleadings; it is
a defense that may be urged or waived. Gillian v. Day, 179 S.W.2d
575 (Tex.Civ.App. 1944, error ref.); Travis County v. Matthews,
235 S.W.2d 691 (Tex.Civ.App. 1950, error ref. n.r.e.); Gard v.
Gard, 244 S.W.2d 884 (Tex.Civ.App. 1951, no writ); 37 Tex.Jur.2d
379-382, Limitation of Actions §193.

Our courts have held that a plea by the holder of per-
sonal property that limitations has barred the claim of the per-
son for whom the property is held is a valid defense to an escheat

action under Article 3272a in those instances where the nature of the obligation between the holder and absent owner is such that the limitation statutes are applicable. Southern Pacific Transport Co. v. State, 380 S.W.2d 123 (Tex.Civ.App. 1964, error ref.); State v. El Paso Electric Co., 402 S.W.2d 807 (Tex.Civ.App. 1966, error ref. n.r.e.); Central Power & Light Co. v. State, 410 S.W.2d 18 (Tex.Civ.App. 1966, error ref. n.r.e.); State v. Williamson-Dickie Mfg. Co., 399 S.W.2d 568 (Tex.Civ.App. 1966, error ref. n.r.e.).

Assuming, as stated in your letter, that the chain store in question is acting in compliance with "The Sale of Checks Act" (Article 489d, Vernon's Civil Statutes), Section 12 of that act makes a seller of checks, regardless of their form, liable for their payment according to the negotiable instrument laws of this State. We express no opinion upon the efficacy of the seller's addition of the words "Void unless Presented within Sixty (60) days" to the checks which it sells. It is our opinion that checks sold pursuant to "The Sale of Checks Act" create an indebtedness evidenced by a contract in writing and an action to recover upon such indebtedness would be subject to the four year statute of limitations (Article 5527, Vernon's Civil Statutes).

Because the defense of limitations is one that may be urged or waived at the election of the debtor, we have heretofore held in Attorney General's Opinions C-475 (1965) and WW-1232 (1962) that a holder of property subject to Article 3272a is required to file the report required by such article even though a plea of limitations, if asserted, would defeat the subsequent escheat of the property reported. We adhere to the holding of these prior opinions.

You are hereby advised that in our opinion both of your questions must be answered in the affirmative.

### S U M M A R Y

An indebtedness created pursuant to "The Sale of Checks Act" (Article 489d, V.C.S.) is subject to Article 3272a, V.C.S., and must be reported to the State Treasurer even though the escheat of such property under Article 3272a would be precluded by

a plea that such indebtedness had been barred by the four year statute of limitations (Article 5527, V.C.S.).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roy W. Mouer
Fielding Early
James McCoy
Fisher A. Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant