**UNITED STATES of America,**
**Plaintiff,**

**v.**

**LAKE SHORE MOTOR FREIGHT COMPANY, a corporation,**
**Defendant.**

**Civ. A. No. C 72–374 Y.**

United States District Court,
N. D. Ohio, E. D.
July 6, 1973.

John P. Berena, Asst. U. S. Atty., Cleveland, Ohio, Manuel A. Lobo, Interstate Commerce Commission, Columbus, Ohio, for plaintiff.

Frederick H. Gillen, Akron, Ohio, A. David Millner, Newark, N. J., for defendant.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

This cause came on to be heard on the complaint of the plaintiff, the United States of America, and the answer of the defendant Lake Shore Motor Freight, and the evidence.

Evidence in the case indicates that the Lake Shore Motor Freight Company was a common carrier of property by motor vehicles, holding a Certificate of Public Convenience issued by the Interstate Commerce Commission. The evidence further reveals that since 1968 that Lake Shore Motor Freight Company has been a member of the Steel Carriers' Tariff Association, Inc., an agency which publishes tariffs on behalf of its member carriers. The evidence further indicates that Lake Shore is subject to the provisions of Part II of the Interstate Commerce Act (Title 49 U.S.C. § 301 et seq.). The evidence further re-

veals that in February of 1968 a new tariff rule was adopted by the Steel Carriers' Tariff Association, which rule applied to the detention of vehicles and specified charges that should be made for detention time, and it required that carriers maintain and keep records concerning data relating to detention time. The complaint alleges that on five occasions in June and July of 1968 that Lake Shore failed to keep and maintain such detention records pursuant to the tariff rule, and that the defendant has failed to comply with the Interstate Commerce Act (Title 49 U.S.C., § 216(b)) and that as a result of the defendant's failure to comply with the provisions of § 216(b) that the defendant is subject to a maximum forfeiture of $500.00 for each of the five instant violations pursuant to Title 49 U.S.C. § 222(h).

The United States of America alleges that there has been a failure to comply with the provisions of the statutes and accordingly the defendant is liable. The defendant by way of defense alleges firstly, that there can be no forfeiture since there is no rule, order or regulation of the Interstate Commerce Commission requiring that these detention records be maintained, and there cannot be a forfeiture in the absence of an order of the Interstate Commerce Commission.

The second defense is that there can be no forfeiture unless it is shown that the defendant has been culpably negligent in bringing about the absence of the records involved.

The within opinion shall serve as findings of fact and conclusions of law in accordance with F.R.C.P. Rule 52(a).

It is conceded that there is no Order of the Interstate Commerce Commission directing that detention records be maintained. Section 216(b) of Title 49 U.S.C. § 316(b) reads as follows:

"(b) It shall be the duty of every common carrier of property by motor vehicle to provide safe and adequate service, equipment, and facilities or the transportation of property in in-

terstate or foreign commerce; to establish, observe, and enforce just and reasonable rates, charges, and classifications, and just and reasonable regulations and practices relating thereto and to the manner and method of presenting, marking, packing, and delivering property for transportation, the facilities for transportation, and all other matters relating to or connected with the transportation of property in interstate or foreign commerce."

Section 222(h) Interstate Commerce Act, Title 49 U.S.C. § 322(h) reads as follows:

"(h) Any motor carrier, broker, or lessor, or other person, or any officer, agent, employee, or representative thereof, who shall fail or refuse to keep, preserve, or forward any account, record, or memorandum in the substance, form, or manner prescribed in this part or in any rule, order, or regulation prescribed under this part; or who shall fail or refuse to comply with any requirement of this part with respect to the filing with this Commission or with any agency, office, or representative of the Commission, as prescribed by the Commission, any annual, periodical, or special report, or other report, tariff, schedule, contract, document, or data or with any rule, order, or regulation prescribed with respect to such filing; or who shall fail or refuse to make full, true, or correct answer to any question required by the Commission to be made under the provisions of this part, or who shall fail or refuse to comply with the provisions of section 203(c) or section 206(a)(1) or section 209(a)(1) of this title shall forfeit to the United States not to exceed $500 for each such offense, and, in case of a continuing violation not to exceed $250 for each additional day during which such failure or refusal shall continue."

The defendant in essence is stating that if the Interstate Commerce Commission would have adopted a regulation, a forfeiture would be permissible. If a regulation becomes effective as a result of the Motor Carrier Act and not as a direct result of the Commission ordering the same, a penalty cannot be applicable.

■ Tariffs are treated with the same import as statutes. Louisville & N. R. Co. v. Red Comb Pioneer Mills, Inc., D.C., 149 F.Supp. 812, at 814; Union Pacific Railroad Co. v. Corneli Seed Co., Inc., D.C., 161 F.Supp. 52, at 54.

■ The court concludes that when section 222(h) provides "any regulation prescribed in this part" that the phrase "this part" refers to Part II of the Interstate Commerce Act (Section 201 of such act, 49 U.S.C. § 301), and that, therefore defendant's argument is without merit.

The court now addresses itself to the second defense of the defendant, that there must be some showing that defendant was in some way negligent in failing to maintain records and that the culpable negligence of the defendant carrier was responsible for the failure to maintain records before the forfeiture can be imposed.

This court has reviewed United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434. The court believes that the argument of the defendant was adopted by the Supreme Court in a quasi criminal type of proceedings. The court in the United States v. United States Coin and Currency, said at page 721, 91 S.Ct. at page 1044:

"And this Court in the past has recognized the difficulty of reconciling the broad scope of traditional forfeiture doctrine with the requirements of the Fifth Amendment."

The court believes there are distinguishing features involving the Fifth Amendment which do not make the United States v. United States Coin and Currency case applicable to the case at issue.

Defendant has cited the case of United States v. Southern Railway Co., 250

F.Supp. 759 (D.C.S.C.1966) as authority for its argument that liability should not attach without some showing of culpable intent. The court therein stated:

"Averred is that reasonably read, in light of admitted facts, it is clear that the Order has not been violated. This 'strict' construction urged on behalf of Southern is based on the accepted principle that the law abhors a forfeiture and courts will seize upon even slight evidence to avoid one. See In Re Physicians and Dentists Investment Corp., 248 F.Supp. 968 (D.S.C. 1966). Regulations involving penalty-forfeiture provisions must be similarly construed.

Read literally, Service Order 947 is absolute in its terms. It states categorically that inbound cars shall be placed within a stated period and that outgoing cars shall be removed within a stated period. It may, however, be assumed that the Order was not meant to impose liability without fault. So purposed, the Order would be neither just nor reasonable as required by the Act." 250 F.Supp. at 770.

The case was reversed by the Fourth Circuit Court of Appeals on other grounds. 380 F.2d 49 (1967).

While the court basically agrees with the interpretation by the District Court in said case, it must be noted that the case is distinguishable. The *Southern Railway* case centered around an emergency order and whether such order necessitated intent before prosecution for violating it could succeed. In the instant action, we have a regulation initiated by the carriers themselves.

Cases involving § 332(h) are limited, and this court has found no case, nor has either party presented one to this court, directly on point. The court must, therefore, base its decision on the policy arguments on each side.

Plaintiff asserts that § 322(h) must be strictly construed so as to prevent future misuses and abuses, and therefore argues that strict liability attach to violations of any regulation or orders falling within said section.

Defendant argues that there must be a showing of intent to prevent liability of innocent parties, such as itself, which was a leader in the institution and effectuation of the regulation under which it is now being prosecuted.

■■ This court is of the opinion that a policy of strict interpretation of § 322(h) is the proper method for enhancing and encouraging compliance with said section. To permit the issue of intent to be presented would in essence be to make enforcement under the section most difficult. However, accurate record keeping is essential to the maintenance of proper regulation of carriers.

This court, therefore, finds that Title 49 U.S.C. § 322(h) must be strictly construed and that the facts in the instant case illustrate that defendant has violated said section on five separate occasions.

■ However, in assessing the amount of forfeiture to be paid by the defendant, the court takes into its consideration the lack of intent, the amount of money involved in each violation, as well as the fact that each violation was corrected upon discovery by the company. Therefore, the court, in its discretion and under the provisions of Title 49 U.S.C. § 322(h) hereby fines defendant Lakeshore Motor Freight $50.00 for each violation, a total of $250.00, plus costs.

It is so ordered.