20130

SOUTH CAROLINA TAX COMMISSION, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

(221 S. E. (2d) 522)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. vonLehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

36

*William L. Pope, Esq.,* of *Robinson, McFadden, Moore & Pope,* of Columbia, *for Respondent,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. vonLehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,* in Reply.

Dec. 15, 1975.

NESS, Justice:

The South Carolina Tax Commission seeks to have Metropolitan Life Insurance Company pay it the maturity

value of three thousand eighty (3,080) unclaimed life insurance policies. The policies matured by 1965 and the Commission contends the funds are "abandoned property" within the meaning of the Uniform Disposition of Unclaimed Property Act. S. C. Code, Section 57-240.1 *et seq.* (1974 Cum. Supp.). The Uniform Act was adopted in South Carolina in 1971. Pursuant to it, the Commission acts as a conservator of all "abandoned property."

The Act requires every holder of funds or property presumed abandoned to report to the Tax Commission and to pay, or deliver to it, all abandoned property specified in the report, unless it appears that the presumption is erroneous. In its first report to the Tax Commission (April 1972), Metropolitan included a statement acknowledging that it was not reporting amounts owing on policies where the six-year statute of limitations (provided in Code § 10-143) had run prior to the effective date of the Act. The Commission thereupon brought this action.

The lower court held the applicable six-year statute of limitations began to run when the policies matured and that it had run prior to the enactment of the Unclaimed Property Statute. Summary judgment was granted to Metropolitan based on its affirmative plea of the statute of limitations as a bar to the Commission's action. We reverse.

The Commission argues Metropolitan waived the defense of the statute of limitations, which is the only defense urged or plead.

Mr. Metji and Mr. Smith, officers of Metropolitan, have stated and readily admit Metropolitan will not refuse to pay the policyholders and beneficiaries of the policies in question because of the lapse of time. It is urged, by the Commission, that the company cannot, therefore, refuse to remit these funds to the Tax Commission. It also argues the statute of limitations has been tolled by Metropolitan's action. Until 1968 Metropolitan included the funds in question in liability accounts termed "Supplementary Contracts Without Life

Contingencies"and "Amounts Left On Deposit." Also, the funds were included as part of the total shown on balance sheets in the company's annual report to policyholders. The Commission contends these statements constitute an unequivocal acknowledgment of a liability until 1968, and pursuant to S. C. Code, Section 10-112, the period of limitations was tolled until that time. Section 10-112 reads as follows:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter unless it be contained in some writing signed by the party to be charged thereby. But payment of any part of principal or interest is equivalent to a promise in writing."

We agree these acknowledgments viewed in light of the statements of the officers of Metropolitan constitute a waiver.

The Commission's rights under the act are derivative. It succeeds, subject to the act, to the rights of the abandoned property's owners. It takes only the interest of the absent or unknown owner.

Both in law and equity forfeitures are abhorred but by the same token waivers are favored. Contracts, § 318; *Satcher v. Woodmen of the World Life Ins. Soc.*, 199 S. C. 59, 18 S. E. (2d) 523 (1942); *Hardin v. Horger*, 252 S. C. 298, 166 S. E. (2d) 215 (1969); *In re Physicians & Dentists Inv. Corp.*, 248 F. Supp. 968 (D. C. 1966); 17 Am. Jur. (2d) § 500.

It is clear from the record that the respondent would never attempt a forfeiture against a policyholder, and that the point is now raised only as against the Tax Commission. The derivative nature of the Commission's rights under the act must be considered. If the owner of presumed abandoned property has any rights, which are conceded by Metropolitan, these rights accrue in their en-

tirety to the Commission. Metropolitan may not waive its contractual rights as to these policies against the policy-holders, and then enforce those same rights against the Tax Commission. *Bank of America Nat. Trust & Sav. Ass'n. v. Cranston,* 252 Cal. App. (2d) 208, 60 Cal. Rptr. 336 (1967).

To constitute a waiver there need not be a new agreement for a valuable consideration. A simple voluntary relinquishment of a right with knowledge of all the facts—an expression of intention not to demand a certain thing is sufficient to constitute a waiver. 17 Am. Jur. (2d) §§ 134, 390, 391; Corbin on Contracts, § 1515, p. 730.

Here the facts show conclusively that by its speech, writings and conduct, Metropolitan has waived the defense of the statute of limitations. Such conduct on the part of Metropolitan is wholly inconsistent with its rights to claim this defense against the Commission, and amounted to a waiver of such defense. 53 C. J. S. Limitation of Actions § 24.

Accordingly, judgment of the trial court is reversed and the case remanded to the lower court for proceedings consistent with this opinion.

Moss, C. J., and LEWIS, J., concur.

LITTLEJOHN, J., dissents.

JAMES M. BRAILSFORD, Acting Associate Justice, not participating.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court.

The trial judge held that there was no waiver by the defendant and that the company's practice of paying claims whenever they were properly presented had no effect upon, or relevance to, its legal rights under the Act after the bar of the statute of limitations had become complete.

I do not think that the position which the defendant has taken, relative to these claims, deprives it of the defense of the statute of limitations with regard to the policies here involved. The acknowledgments by the defendant's corporate offices did not expressly, or impliedly, waive the defense either prior to, or during, this litigation. See *State v. El Paso Electric Co.*, 402 S. W. (2d) 807 (Tex. Civ. App. 1966).

Because of the difference in the facts involved, the case of *Bank of America National Trust & Sav. Ass'n. v. Cranston*, 252 Cal. App. (2d) 208, 60 Cal. Rptr. 336 (1967), relied upon by the commission and cited in the majority opinion, in my view is not influencing or controlling.

The fact that the defendant made voluntary payments heretofore, or indicated that it would make voluntary payments hereafter, at its option, does not compel it to do so where a claim, other than the policyholder's and/or beneficiary's, is made. Waiver involves the intentional relinquishment of a known right. There is no evidence in the record before this Court that the defendant intentionally relinquished any right it had to defend the action here involved.

In my view, the statute of limitations applies to this action and it became a complete bar prior to the effective date of the Unclaimed Property Act. I would affirm.