20600

The STATE, Respondent, v. Marvin K. PETTY, Appellant.
Petition of Walter G. POWELL, SLED.

(241 S. E. (2d) 561)

*E. C. Burnett, Jr.,* of Spartanburg, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Paul S. League, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

February 8, 1978.

RHODES, Justice:

This is an appeal from an order of the lower court holding that certain monies seized from the appellant's residence be forfeited to the State of South Carolina pursuant to S. C. Code § 16-19-80 (1976) which provides: "All and every sum or sums of money staked, betted or pending on the event of any such game or games as aforesaid are hereby declared to be forfeited." Since we find there was evidence which reasonably supports the lower court's decision that the monies seized were subject to forfeiture, we affirm.

Pursuant to a search warrant, agents of the Alcohol, Tobacco and Firearms Division of the U. S. Treasury Department, accompanied by agents of the South Carolina Law Enforcement Division (SLED), searched the residence of the appellant. The Federal agents seized stolen guns found therein. The SLED agents seized gambling paraphernalia which was discovered in various areas of the appellant's residence. In two bedrooms where gambling paraphernalia was discovered, SLED agents found checks and cash totaling $23,549.58 which they also seized.

The appellant was charged with violation of S. C. Code § 52-15-10 (1976) which makes it unlawful for any person to keep on his premises certain specified gambling devices. The appellant pled guilty to this charge and the State subsequently petitioned to have the seized monies and checks forfeited to the State pursuant to Code § 16-19-80.

The case was heard by the Resident Judge of the Seventh Judicial Circuit who found that the cash, consisting of $16,849.58 in currency and coin, was money "staked, betted or pending" within the meaning of Code § 16-19-80 and, therefore, was forfeited to the State. The judge ordered that the checks be returned to the appellant.

Although the exceptions of the appellant are vague, and there is grave doubt as to compliance with Rule 4, Section 6, of the Rules of this Court, we conclude that the substance of his contentions on this appeal is that the evidence was insufficient to support a finding that the currency and coin seized were money "staked, betted or pending" within the meaning of Code § 16-19-80 in that there was no direct showing that the money was involved in gambling.[1]

An action for forfeiture of property is civil in nature. *$3,265.28 In U. S. Currency v. District of Columbia*, D. C. App., 249 A. (2d) 516 (1969); 36 Am. Jur.

---

[1] The appellant has argued in his brief that the section of the Code under which he pled guilty (§ 52-15-10) contains no confiscation provision and that § 16-19-80 has no application. This contention has been raised for the first time on appeal. We do not consider it.

2d Forfeitures and Penalties, § 17 (1968). It is an *in rem* proceeding against the property itself. *U. S. v. Three Thousand Two Hundred Thirty-six Dollars,* 167 F. Supp. 495 (D. Alaska 1958); 36 Am. Jur. 2d *supra.* Being civil in nature, it is only necessary that the State prove its case by a preponderance of the evidence. *$3,265.28 In U. S. Currency v. District of Columbia, supra.* In a civil action at law, on appeal of a case tried without a jury, this Court's scope of review is limited to a determination of whether there is evidence which reasonably supports the challenged findings of the judge. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). The standard applied by the courts of other jurisdictions in construing forfeiture statutes similar to the one here involved, is that the object seized must be "an integral part of" or "fruit of" a gambling operation. *$3,265.28 In U. S. Currency v. District of Columbia, supra. Schuettler v. Maurer,* 159 Pa. Super. 110, 46 A. (2d) 586 (1946). We adopt this language as a proper criteria, and will proceed to review the evidence in such light to determine its sufficiency.

The SLED agent who participated in the raid testified that 4,392 tip boards were found in a bedroom and the garage. The tip boards discovered in the bedroom were found in, on, and about a dresser in the room. Tips were missing from some of these boards and it was reasonable to infer these tips had been sold. In a second dresser, a few feet from the first, officers found $14,891 in cash and $6,700 in checks. In a second bedroom where parlay cards and odds sheets were found, officers discovered $1,958.58 in currency and coin in a dresser drawer. Either on or in the vicinity of this latter dresser, they found a slip of paper bearing the name and address of Work's Novelty Company. Investigation revealed that Work's Novelty manufactured tip boards. Investigation also revealed that a box containing tip boards seized from the garage had been received at the appellant's address via United Parcel Service from Work's Novelty.

The chief of police for the City of Spartanburg testified he was familiar with the types of gambling paraphernalia used in Spartanburg County and identified the tip boards, parlay cards, and odds sheets as being gambling paraphernalia.

The appellant did not testify or attempt to explain the presence of the substantial sums of money found in his residence.

From the evidence it is reasonable to conclude that the appellant was conducting a substantial gambling operation from his residence. Given the scale of this operation as evidenced by the variety and quantity of gambling devices found in various locations in the appellant's residence and their close proximity to the large sums of money, it is not unreasonable to infer that the substantial and unexplained amounts of money seized were an integral part of or derived from these gambling activities.

The lower court's conclusion that these monies were staked, betted or pending in connection with the gambling operations being conducted is amply supported by the evidence.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.