20602

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, Appellant, v. Murdock HANNA, Individually, and as Committee for Davis Hanna, a person *non compos mentis,* and Davis Hanna, a person *non compos mentis,* Respondents.

(241 S. E. (2d) 563)

*Daniel R. McLeod, Atty. Gen.,* and *Larry W. Propes,* of Columbia, *for Appellant,*

*Thomas E. Smith, Jr.,* of *Nettles, Thomy and Smith,* Pamplico, *for Murdock Hanna, Respondent,*

February 9, 1978.

NESS, Justice:

This appeal is from an order sustaining a demurrer to an action to remove Murdock Hanna as committee for Davis Hanna, and appoint a new committee. We reverse.

Davis Hanna was a patient in a State mental health facility from July 1917 until January 8th, 1974 when he was discharged to a Florence nursing home. Respondent Murdock Hanna, son of the patient, was appointed committee on November 1, 1955, and has continued to serve in that capacity until the present. Respondent has never filed an Inventory, Return or Accounting of the patient's property despite repeated demands by the appellant. Section 44-23-780 of the Code of Laws of South Carolina (1976) mandates the committee of a mentally ill person to

make an annual accounting to the probate judge of the county where the mentally ill person resides. Further, it provides for the discharge of a committee who fails to make such an accounting after its due date and a demand by the Commission.

By Summons and Complaint dated July 18, 1973, the Department commenced an action against Murdock Hanna to require him to file a proper inventory of all the property owned by Davis Hanna. That action was dismissed without prejudice when the circuit court determined that jurisdiction of the matter was properly in the probate court. See *Tucker v. Tucker,* 264 S. C. 172, 213 S. E. (2d) 588 (1975).

By Summons and Notice to Procure a Guardian *ad Litem* and Petition dated November 12, 1975, the Department commenced the present action. Respondent demurred on the ground the patient had been discharged in January of 1974. Respondent's demurrer was sustained by both the probate and circuit courts.

The ostensible purpose of Code Section 44-23-780 is to protect an incompetent person from a self-serving committee. Such protection would be easily thwarted if fiduciaries could remove their wards from Department facilities to avoid an accounting. A remedial statute should be liberally construed in order to effectuate its purpose. See 50 Am. Jur., Statute, § 395; 44 C. J. S. Insane Persons § 47; *Inabinet v. Royal Exchange Assurance of London et al.,* 165 S. C. 33, 162 S. E. 599 (1932). Accordingly, we decline to interpret Code Section 44-23-780 so narrowly as to deny the Department capacity to sue. To do so would be to leave the patient without remedy or protection.

Murdock Hanna violated his fiduciary duty to account for nearly twenty years. The Department's capacity to sue attached at the time of those violations and was not extin-

guished simply because the committee was able to procure the patient's discharge from State facilities.

Apart from the above rationale, counsel for respondent conceded at oral argument that the Department possessed a valid lien on the patient's property. This lien in itself is sufficient to vest the Department with capacity to sue.

We reverse the lower court order sustaining respondent's demurrer and remand for a disposition on the merits.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.