1470

SOUTH CAROLINA INSURANCE COMPANY, Appellant v. Cynthia BARLOW, John Junior Beck and Cynthia Barlow, as Administratrix of the Estate of Earl Barlow, Jr., Respondents.

(392 S.E. (2d) 795)

Court of Appeals

*James E. McDonald* and *William B. Watkins* of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for appellant.*

*W. Paul Culbertson* of *Culbertson, Whitesides & Turner, Laurens,* and *Theo Mitchell,* Greenville, *for respondents.*

Heard Jan. 24, 1990.

Decided March 12, 1990.

GARDNER, Judge:

South Carolina Insurance Company brought this declaratory judgment action to determine whether, under the facts of this case, it provided automobile liability insurance coverage for Earl Barlow, Jr. The appealed order found that the insurance company did provide coverage. We reverse and remand.

## ISSUES
The two issues of merit are whether the affirmed order was correct in (1) holding that the insurance company was liable because the amendatory endorsement was not attached to the policy when it was delivered after the death of Earl Barlow, and (2) holding that the insurance company was liable because the South Carolina Department of Highways and Public Transportation (Department) did not comply with Section 56-11-250, Code of Laws of South Carolina (1976).

## FACTS
Cynthia Barlow (Cynthia) drove six miles to work. Her husband, Earl Barlow, lost his license for driving under suspension. Section 56-11-190, Code of Laws of South Carolina (1976), provides that all persons, when applying for an automobile license tag, must furnish a certificate of financial responsibility. This is usually accomplished by filing a description of the automobile liability insurance policy owned by the applicant.

Cynthia, on February 4, 1987, made a written application to AIA—Auto Insurance Agency, Inc., (AIA) for an automobile insurance policy. This application called for "Remarks," and in that space was inserted "husband-to be excluded, lives on

Highway 99." The application contained a section entitled in dark print "BINDER" under which was written "Coverage indicated is bound as of the time indicated above and is subject to the terms, conditions and *exclusions* of the policy *for which applied.*" [Emphasis ours.]

On the same day, February 4, 1987, Cynthia and her husband signed an "ENDORSEMENT, Voiding Automobile Insurance While Named Person is Operating Car." The endorsement gave the policy number to be issued by the South Carolina Insurance Company. The endorsement contained an agreement whereby Cynthia and Earl Barlow agreed that Earl Barlow would not be covered by the policy and the company would not be liable for damages, losses or claims resulting from Earl Barlow's driving the automobile described in the application or any other automobile.

Also of record is a form letter, dated February 4, 1987, from AIA to the Department. This letter, referring to Section 56-11-250, requested that the Department furnish a Form FR-9 containing an "affidavit" stating that the driver's license of Earl Barlow had been turned into the Department. In response to this letter, on February 4, 1987, the Department forwarded to the agency its Form FR-9. It is in the form of a letter and was signed by Oscar J. Walker, III, Manager, Financial Responsibility. The body of the letter provided, "in accordance with Section 56-11-250 of the 1976 South Carolina Code of Laws, as amended, this is to certify that the records of the Department reflect that the above subject [Earl Barlow] has turned in his South Carolina driver [sic] license to the Department." Walker's signature was not notarized as an oath.

On February 7, 1987, Earl Barlow was riding in a car owned by Junior Beck when the car was involved in an accident in which Earl Barlow was killed. Beck claims Barlow was driving; the insurance company claims Beck was driving.

On February 24, 1987, the insurance company issued the policy to Cynthia Barlow. The policy as issued did not include the exclusionary endorsement.

Junior Beck instituted an action against the estate of Earl Barlow alleging that at the time of the accident, Earl Barlow was driving Beck's automobile. To settle this suit, the estate

of Earl Barlow entered into a confession of judgment for $30,000.00.

## DISCUSSION

### I.

We hold the appealed order erred in holding the insurance company liable by reason of the fact that the exclusionary endorsement was not attached to the policy when it was issued. Earl Barlow was dead at the time the policy was issued. Dead men do not drive automobiles. It was therefore unnecessary for the insurance company to attach the exclusionary endorsement. Until the policy was issued, the provisions of the application, binder, and the accompanying endorsement constituted the terms of the insurance contract. *See Noisette v. Ismail*, 299 S.C. 243, 384 S.E. (2d) 310 (Ct. App. 1989); *Graham v. Lloyd's of London*, 296 S.C. 249, 371 S.E. (2d) 801 (Ct. App. 1988). These documents, read together, plainly excluded coverage when Earl Barlow was operating the insured vehicle. And we so hold.

### II.

We turn to whether the trial judge erred in holding the insurance company liable because the Department did not literally comply with Section 56-11-250, Code of Laws of South Carolina (1976) by furnishing an affidavit, rather than its Form No. FR-9, which the employees of the Department believed to be in compliance with the statute.

An insurer has the right to restrict liabilities to injuries inflicted while the automobile is being driven by a certain person, provided such restriction is not in contradiction of some statutory inhibition or public policy. *Rhame v. National Grange Mutual Ins. Co.*, 238 S.C. 539, 121 S.E. (2d) 94 (1961).

If there were coverage afforded by the insurance company in this case, it was afforded under the binder. The binder described the policy to be issued and clearly restricted coverage "to the terms, conditions and exclusions of the policy for which applied." The binder of this case clearly excluded Earl Barlow as an insured. There remains the

question of whether (1) the exclusion was in accordance with pertinent statutory law and (2) the public policy of this state required the insurance company to provide coverage for Earl Barlow under the facts of this case.

Section 56-9-810, Code of Laws of South Carolina (1976) defines the "insured," in pertinent part, as meaning the named insured and, while resident of the same household, the spouse of any such named insured. Perforce of this statute, automobile liability insurance policies issued in this state contain what is known as an "omnibus clause" which provides, *inter alia*, that the policy cover not only the named insured but also the named insured's spouse provided the spouse is living in the residence of the named insured.

Section 56-11-250, provides the means by which a spouse of the named insured, or other persons covered by the omnibus clause, may be excluded from the provisions of the omnibus clause. In order to exclude such person, Section 56-11-250 provides, in effect, that notwithstanding the provisions of Section 56-9-810, the named insured and the excluded person, by the terms of a written amendatory endorsement, may agree that coverage under such policy shall not apply while the motor vehicle is being operated by the excluded spouse. This statute also provides that when such an agreement has been signed by the named insured and the person to be excluded, it shall be binding upon the excluded person providing (1) the driver's license of the excluded per .n has been turned into the Department and (2) the agent of the insurer writing the policy of insurance shall determine that said excluded spouse's driver's license has been delivered to the Department.

In a different paragraph of the statute, it is provided that the Department shall furnish to the agent an "affidavit" that the excluded person had turned in his license.

In the case before us, it is undisputed that the agent, the insurance company, Cynthia Barlow and Earl Barlow complied with every requirement imposed upon them by Section 56-11-250.

Section 56-11-250 is remedial. A remedial statute must be liberally construed to effect the purpose of the statute. *South Carolina Dept. of Mental Health v. Hanna,* 270 S.C. 210, 241 S.E. (2d) 563, 564 (1978). Accord-

ingly, we decline to interpret the last paragraph of Section 56-11-250 so narrowly as to defeat the very purpose of this statute. Form FR-9 was sufficient, we hold, for the agency to "determine that Earl Barlow's original license had been turned into the Highway Department." Thus, the amendatory endorsement agreement became "binding" according to the express words of the statute. To hold otherwise, would amount to a sacrifice of substance to form. The failure of the Department to have the signature of its officer notarized on Form FR-9 cannot, we hold, defeat the clear intent of the statute. To hold otherwise, would amount to a sacrifice of substance to form.

On the one hand, we hold that the intent of the legislature in passing Section 56-9-810, the omnibus clause statute, was to expand the coverage of automobile liability policies. In this the public are obviously third party beneficiaries; thus, the statute subserves a clear public policy. On the other hand, we hold that the intent of the legislature in passing Section 56-11-250 was to provide a means in hardship cases of excluding certain persons from the omnibus clause. Such a provision, we hold, is not inhibited by public policy. The thrust of Section 56-9-810 is to protect the public; while the thrust of Section 56-11-250 is to protect, in limited situations, the right of the parties to make their own contract.

It is obvious from the record that, had it not been for Section 56-11-250, Cynthia Barlow would not have been able to obtain automobile liability insurance and thus would not have been able to file the certificate of responsibility furnished to her by the insurance company, which is of record. We think the legislature envisioned situations such as that of Cynthia Barlow and in its wisdom enacted Section 56-11-250 for the purpose of preserving, in a limited sense, the right to contract by insurance companies and their insureds.

## CONCLUSION

For the reasons stated, we conclude (1) that it was unnecessary for the insurance company to attach to the policy the endorsement excluding Earl Barlow because he was dead when the policy was issued and (2) that the purpose of Section 56-11-250 is to provide a means not inhibited by public policy to exclude designated persons from the omnibus

clause of an automobile insurance policy and (3) that Cynthia Barlow, Earl Barlow and the agency complied with all of the terms set forth in the statute necessary to make the endorsement binding. We therefore reverse the appealed order and remand the case for purposes of entry of judgment in accordance with this decision and such other proceedings as are required.

Reversed and remanded.

BELL and CURETON, JJ., concur.