2371

George M. DUCWORTH, Solicitor, Tenth Judicial Circuit, Respondent v. Curtis NEELY, Mary T. Neely, a Parcel of Land, Its Buildings and Improvements Located at 1177 West Franklin Street Known as the Snack Shop, Appellants.

(459 S.E. (2d) 896)

Court of Appeals

*Nancy Jo Thomason,* Anderson, *for appellants.*

*David F. Stoddard,* Anderson, *for respondent.*

Submitted Apr. 3, 1995.

Decided July 3, 1995.

CONNOR, Judge:

George M. Ducworth, solicitor for the Tenth Judicial Circuit, brought a forfeiture action against the Neelys and a store which they owned. The state seized the store following a drug raid on the premises. The Neelys asserted they were innocent owners and sought return of the property pursuant to S.C. Code Ann. § 44-53-586(b)(1) (Supp. 1994). The trial judge heard the case without a jury and rejected the Neelys' defense, holding they "should have known" of the drug activity on the premises.[1] The Neelys appeal. We reverse and remand.

The Neelys owned a store known as the Snack Shop in Anderson, South Carolina. Because of poor health, Mr. Neely turned operation of the business over to Earlia Donaldson in the fall of 1991. Thereafter, he only returned to the store a few times. Mrs. Neely did go by the store to collect rent each Saturday. She did not, however, go inside the building. Although both Mr. and Mrs. Neely knew illegal drug activity was ram-

---

[1] In his order of judgment, the trial judge stated he directed a verdict for the plaintiff. The trial judge was the factfinder, however, so that his ruling amounts to a judgment on the merits. *See* Rule 41(b), SCRCP, which states in part:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.
> The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

pant in the neighborhood, and knew people sold drugs in front of the Snack Shop, both stated they were not aware of any illegal drug activity inside the store. In fact, the Neelys had even called the police for assistance in curbing the drug activity outside the store. Even though the State presented a number of witnesses establishing that drugs were bought and sold inside the store, no one tied knowledge of this activity to the Neelys.

In January 1993, police officers raised the Snack Shop and found drugs and drug paraphernalia in the basement area. It is undisputed that the State had probable cause to seize the Neelys' property pursuant to S.C. Code Ann. § 44-53-520 (Supp. 1994), which provides, in pertinent part:

> (a) The following are subject to forfeiture:
>
> •    •    •    •    •
>
> (4) All property, both real and personal, which in any manner is knowingly used to facilitate production, manufacturing, distribution, sale, importation, exportation, or trafficking in various controlled substances as defined in this article. . . .

The Neelys claim, however, they were entitled to return of their property pursuant to S.C. Code Ann. § 44-53-586 (Supp. 1994), which states:

> (a) Any innocent owner . . . may apply to the court of common pleas for the return of any item seized under the provisions of § 44-53-520. . . .
> (b) The court may return any seized item to the owner if the owner demonstrates to the court by a preponderance of the evidence:
>> (1) in the case of an innocent owner, that the person or entity was not a consenting party to, or privy to, or did not have *knowledge* of, the use of the property which made it subject to seizure and forfeiture.

(Emphasis added.)

The trial judge specifically found the South Carolina statute to be the same as the federal forfeiture statute. He reviewed two federal cases in which the courts noted an innocent owner must do all he or she reasonably can to avoid allowing the

property to be used unlawfully. He then applied a "reasonable person" standard to the term "knowledge" and held the South Carolina statute requires an owner, such as the Neelys, do everything a reasonable person would have done to prevent unlawful use of the property. He ruled the Neelys failed to meet their burden under this test. Accordingly, he granted judgment for the State.

On appeal, the Neelys argue the judge applied the wrong standard by finding they "should have known" what was occurring. They claim the statute requires they establish they lacked *actual* knowledge.

The federal forfeiture statute, 21 U.S.C. § 881, provides, in pertinent part:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> •    •    •    •    •
>
> (7) All real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7) (Supp. 1994). This statute has been construed by the federal courts to require an owner to demonstrate the absence of actual knowledge. *See, e.g., United States v. Four Million, Two Hundred Fifty-Five Thousand,* 762 F. (2d) 895 (11th Cir. 1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed. (2d) 772 (1986) (the district court properly applied an "actual knowledge" standard to the claimant's "innocent owner" defense); *United States v. 8848 South Commercial St., Chicago, Ill.,* 757 F. Supp. 871 (N.D. Ill. 1990) (the claimant has the burden of proving absence of actual knowledge).

Here the state seized the Neelys' property pursuant to § 44-53-520, the state forfeiture statute. The Neelys seek return of the seized property under a separate

section of the Code, § 44-53-586. The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Horn v. Davis Electrical Constructors, Inc.*, 307 S.C. 559, 416 S.E. (2d) 634 (1992). The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand a statute's operation. *First Baptist Church of Mauldin v. City of Mauldin*, 308 S.C. 226, 417 S.E. (2d) 592 (1992).

As a general rule, we note forfeitures are not favored in the law or equity. *South Carolina Tax Comm'n v. Metropolitan Life Ins. Co.*, 266 S.C. 34, 221 S.E. (2d) 522 (1975). In *Daniels v. Berry*, 148 S.C. 446, 146 S.E. 420 (1929), a case involving a statute imposing civil and criminal liability on bank directors who accepted deposits while aware of the bank's insolvency, our Supreme Court interpreted the term "aware" to require actual knowledge. If the legislature had wanted a constructive, or "should have known" standard to apply, it would have been an easy task to have included that language.[2]

An action for forfeiture is a civil action at law. *State v. Petty*, 270 S.C. 206, 241 S.E. (2d) 561 (1978); *cf. Medlock v. 1985 Ford F-150 Pick UP VIN 1FTDF15YGFNA22049*, 308 S.C. 68, 417 S.E. (2d) 85 (1992) (right to jury trial exists in civil forfeiture proceedings where property at issue is normally used for lawful purposes). A civil in rem proceeding is ordinarily against the property itself. 21 S.C. Juris. *Forfeitures* § 3 (1993). The South Carolina Supreme Court has held the holder of a valid chattel mortgage entitled to protection where the holder did not participate in or *know* a mortgaged automobile would be used for illegal purposes, night deer hunting. *Commercial Credit Corp. v. Webb*, 245 S.C. 53, 138 S.E. (2d) 647 (1964). The court classified the code section which allowed the property to be confiscated as penal, and, therefore, subject to strict construction. A

---

[2] There are many instances in the South Carolina Code in which the legislature employed a "should have known" standard. *See, e.g.*, S.C. Code Ann. § 15-3-535 (Supp. 1994) (statute of limitations); *id.* § 27-32-120 (penalties for violation of time-sharing provisions); *id.* § 33-31-204 (exception to liability for preincorporation transactions); *id.* § 39-15-1190 (intentional use of counterfeit mark).

civil in rem forfeiture proceeding[3] is also in the nature of a penal action and accordingly must also be strictly construed. Moreover, in rem forfeiture statutes must be interpreted in light of the evil sought to be remedied and in a manner that is consistent with the statute's purpose. *South Carolina State Law Enforcement Div. v. Crook*, 273 S.C. 285, 255 S.E. (2d) 846 (1979). With the above principles in mind, we hold the term "knowledge" contained in § 44-53-586(b)(1), means "actual knowledge." Hence, the trial judge erred here in applying a "reasonable person" standard in deciding whether the Neelys established they lacked knowledge of drug activity on their premises.

The State notes that some federal courts have defined "lack of knowledge" as "the absence of willful blindness," i.e., deliberately closing one's eyes to what otherwise would have been obvious, or evidencing a conscious purpose to avoid knowing the truth. *See e.g., United States v. One 1989 Jeep Wagoneer, V.I.N. 1J4GS5874KP105300*, 976 F. (2d) 1172 (8th Cir. 1992) (statement of the "willful blindness" rule); *United States v. Leasehold Interest in 121 Nostrand Ave., Apt. 1-C, Brooklyn, NY*, 760 F. Supp. 1015 (E.D.N.Y. 1991) (in light of the enormous drug problem and the drug forfeiture statute's intended potency, lack of knowledge of drug activity on premises, for purposes of an innocent owner defense, should be construed to mean absence of "willful blindness"); *United States v. 1977 Porsche Carrera 911 VIN 9117201924 License No. 459 DWR*, 748 F. Supp. 1180 (W.D. Tex. 1990), *aff'd*, 946 F. (2d) 30 (1991) (attorney challenging forfeiture of a car he received in payment of his fee for representing drug defendant failed to establish innocent owner defense; "willful blindness" standard required attorney to take basic investigatory steps necessary

---

[3] As we understand it, this action was brought by the State under S.C. Code Ann. § 44-53-530. The Neelys then responded, presumably either as a counterclaim or as an affirmative defense, under the innocent-owner provisions of § 44-53-586. Had this action been *commenced* by the Neelys pursuant to § 44-53-586, a different classification of the action would be mandated. Section 44-53-586 was unknown at common law and prior to 1984. Because the provision affords the innocent owner a remedy not recognized previously, it should be classified as remedial. Remedial statutes are to be construed liberally in order to effectuate their purpose. *South Carolina Dep't of Mental Health v. Hanna*, 270 S.C. 210, 241 S.E. (2d) 563 (1978); *Inabinet v. Royal Exch. Assur. of London*, 165 S.C. 33, 162 S.E. 599 (1932).

to determine his fees were not being satisfied with the major instrumentality of the crime charged against his client). The United States Congress specifically included the lack of "willful blindness" within the innocent owner defense where the owner attempts to recover a conveyance, such as an aircraft, vehicle or vessel, used to transport drugs. 21 U.S.C. § 881(a)(4)(C) (Supp. 1994). However, because Congress omitted "willful blindness" where the owner attempts to regain real property, federal courts have distinguished the two sections. *See United States v. One 1989 Jeep Wagoneer, V.I.N. 1J4GS5874KP105300*, 976 F. (2d) at 1175, n. 2.

A definition which includes "willful blindness" would require us to broaden the meaning of "knowledge." We decline to read such a broad construction into our statute. Expanding our forfeiture statute is a matter for the legislature, not this court.

The Neelys argue further that they should prevail if an actual knowledge standard is applied because the State produced no evidence they had actual knowledge. This argument ignores the burden of proof under the statute which places the onus upon the Neelys to come forward with evidence they did not have actual knowledge of the illicit use of the property.

Here the trial judge did not use the actual knowledge standard. Moreover, he made no express credibility determinations. *See Black v. Hodge*, 306 S.C. 196, 410 S.E. (2d) 595 (Ct. App. 1991), *cert. denied*, (Jan. 7, 1992) (the fact that testimony is not contradicted directly does not render it undisputed; there remains the question of the inherent probability of the testimony, and the credibility of the witness or the interests of the witness in the result of the litigation). This case was tried without a jury. Therefore, our review is limited to determining whether there is evidence that reasonably supports the challenged findings of the trial judge. *State v. Petty*. Because the trial judge applied an incorrect legal standard and an incorrect burden of proof, we cannot review the findings. We, therefore, remand the case for the trial court to determine, based upon its view of the evidence taken at trial, whether the Neelys met their burden of proving, by the preponderance of the evidence, that they did not have actual knowledge of the illegal drug activity on the property. Actual knowledge, or lack thereof, may be proved either directly or circumstantially.

The Neelys also argue the trial judge erred in relying upon hearsay evidence in deciding the innocent owner defense. The Neelys concede the judge properly relied upon the hearsay evidence in deciding whether there was probable cause to seize the property. The judge indicated he would allow the evidence because the case was tried nonjury, and the Neelys would not be "prejudiced from a jury standpoint." We construe this ruling to mean the judge would consider the hearsay evidence *only* in determining probable cause, not to decide the issue of innocent owner. Therefore, we find no error on this issue.

Accordingly, the judgment is reversed and remanded. On remand, the trial judge is instructed to (1) apply an actual knowledge standard and (2) determine whether the Neelys met their burden of proving they lacked actual knowledge. These determinations are to be made from reviewing the trial record.

Reversed and remanded.

SHAW and CURETON, JJ., concur.