24417

T. Travis MEDLOCK as Attorney General, State of South Carolina, Respondent v. ONE 1985 JEEP CHEROKEE VIN 1JCWB7828FT129001, Appellant. Lou Elmer GUNNING, Appellant v. CITY OF YORK, Respondent.

(470 S.E. (2d) 373)

Supreme Court

*Melvin L. Roberts* and *Daniel D. D'Agostino,* both of *Melvin L. Roberts & Associates,* York, *for appellants.*

*Attorney General Charles M. Condon, Chief Deputy Attorney General Charles W. Gambrell, Jr.,* and *Assistant Attorney General Reginald J. Perry, State Grand Jury,* Columbia, *for respondents.*

Heard Nov. 2, 1995.

Decided Apr. 29, 1996.

WALLER, Justice:

On February 15, 1992, police seized a Jeep Cherokee in the course of a drug raid. Appellant, the owner of the Jeep, sued the City of York seeking its return; the State then brought an action to confirm forfeiture pursuant to S.C. Code Ann. § 44-53-530 (Supp. 1994). Both actions were consolidated and tried by a jury. We affirm the jury's verdict of forfeiture.

## ISSUES
I.   Did the trial court have jurisdiction to hear the forfeiture action?
II.  What is the state's burden of proof in a forfeiture action?
III. Was the forfeiture action a violation of the Double Jeopardy Clause?
IV.  Does the forfeiture violate the Excessive Fines Clause?
V.   Was irrelevant evidence admitted?

## DISCUSSION
### I. *Jurisdiction*
The Attorney General filed its forfeiture complaint with the clerk for the state grand jury according to rules set forth by

this court.[1] These rules require civil forfeiture actions arising out of state grand jury investigations to be filed with the clerk for the state grand jury. The raid at which the Jeep was seized was the culmination of a state grand jury investigation into drug activity in York County.

South Carolina's drug forfeiture provisions require that any forfeiture action must be accomplished by "petition of the Attorney General ... to the court of common pleas for the jurisdiction where the items were seized." S.C. Code Ann. § 44-53-530(a) (Supp. 1994). Here, Appellant's Jeep was seized in York County. Appellant argues the filing of the complaint with the clerk for the state grand jury instead of the York County Court of Common Pleas renders such complaint void because the state grand jury has no subject matter jurisdiction to hear civil forfeiture actions.

Appellant is correct that the state grand jury does not have subject matter jurisdiction to hear civil forfeiture actions. *See* S.C. Code Ann. § 14-7-1630(A) (Supp. 1994). However, this case was tried in the York County Court of Common Pleas to a civil jury, not the state grand jury. Therefore, there was no jurisdictional problem because the appropriate court heard it.[2]

## II. *Burden of Proof*

The judge charged the jury that the state's burden of proof is to show probable cause for forfeiture. Appellant argues the state has the higher burden of proving its case by a preponderance of the evidence. We disagree.

Under the statutory scheme involved here,[3] property is subject to forfeiture if used in certain specified ways. S.C. Code Ann. § 44-53-520(a) (Supp. 1994). Such property is considered forfeited and transferred to the state "at the moment of illegal use." S.C. Code Ann. § 44-53-520(d) (Supp. 1994). Once probable cause exists to believe the property was, or was intended to be, illegally used, it may be seized. *See* S.C. Code Ann. § 44-53-520(b) (Supp. 1994). This seizure, along with subsequent forfeiture proceedings, con-

---

[1] *See* S.C. Code Ann. § 14-7-1800 (Supp. 1994) (authorizing the supreme court to promulgate rules necessary for the operation of the state grand jury system).

[2] While there was no jurisdictional defect, the better course of action would be to file the complaint in both places.

[3] S.C. Code Ann. §§ 44-53-520 to -590 (1985 & Supp. 1994).

firms the transfer made at the moment of illegal use. S.C. Code Ann. § 44-53-520(d) (Supp. 1994).

■ The purpose of a forfeiture hearing is to confirm that the state had probable cause to seize the property forfeited. *See also* S.C. Code Ann. § 44-53-530(a) (Supp. 1994) ("Forfeiture of property . . . must be accomplished by petition . . . [which must] set forth the facts upon which the seizure was made"). If probable cause is shown, the burden then shifts to the owner to prove that he or she "was not a consenting party to, or privy to, or did not have knowledge of, the use of the property which made it subject to seizure and forfeiture." S.C. Code Ann. § 44-53-586(b)(1) (Supp. 1994). Section 44-53-586(b) specifically places the burden of proof on the property owner to show innocent ownership by a preponderance of the evidence, showing legislative intent to place the burden of proving innocence on the property owner. *See also* S.C. Code Ann. § 44-53-540(a) (1985) (the state does not have to negate any exemption given under the statute).

Appellant relies on *State v. Petty*, 270 S.C. 206, 241 S.E. (2d) 561 (1978), to support her argument. *Petty* involved an action pursuant to S.C. Code Ann. § 16-19-80 (1976), declaring money used in gambling forfeited to the state. That case set the state's burden of proof at preponderance of the evidence under the statute there involved. We decline to follow *Petty* because the drug forfeiture statute involved here shows legislative intent that the state's burden be reduced.[4] *See Jackson v. Charleston County School District*, 316 S.C. 177, 447 S.E. (2d) 859 (1994) (primary rule of statutory construction is to ascertain and effectuate intent of legislature).

Therefore, the trial judge correctly charged the jury on the state's burden of proof.

---

[4] While no other South Carolina cases directly address this issue, a recent Court of Appeals decision implies that only a showing of probable cause is necessary. *Cf. Ducworth v. Neely*, 319 S.C. 158, 459 S.E. (2d) 896 (Ct. App. 1995). Courts across the country with drug forfeiture statutes similar to South Carolina's are split. *See, e.g., Resek v. State*, 706 P. (2d) 288 (Alaska 1985) (setting state's burden of proof at probable cause); *Matter of One 1985 Mercedes-Benz Auto*, 644 A. (2d) 423 (Del. Super. Ct. 1992) (setting state's burden of proof at probable cause); *State v. Banks*, 215 Ga. App. 828, 452 S.E. (2d) 533 (1994) (setting state's burden of proof at preponderance of the evidence); *1986 Mercedes-Benz 560 CE v. State*, 334 Md. 264, 638 A. (2d) 1164 (1994) (setting state's burden of proof at preponderance of the evidence).

### III. *Double Jeopardy*

Appellant argues the civil forfeiture proceeding is a violation of Double Jeopardy because she was acquitted of the criminal drug charges brought against her. However, she did not object on this ground at trial. Therefore, the issue is not preserved for our review. *See Cook v. SCDHPT,* 309 S.C. 179, 420 S.E. (2d) 847 (1992).

Moreover, even if the issue were preserved, appellant has failed to provide this court with the means to analyze the merits of her claim. Nowhere in the record on appeal, or in anything submitted to this court, is there information regarding exactly what she was indicted and tried for. It is impossible to decide this issue without such information. The appellant has the burden of providing this court with a sufficient record upon which to make a decision. *Germain v. Nichol,* 278 S.C. 508, 299 S.E. (2d) 335 (1983); *Broom v. Southeastern Highway Contracting Co.,* 291 S.C. 93, 352 S.E. (2d) 302 (Ct. App. 1986).

### IV. *Excessive Fine*

Appellant next argues forfeiting her Jeep constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution and Article I, § 15 of the South Carolina Constitution. We disagree.

The Supreme Court has recently found the Excessive Fines Clause applicable to civil forfeiture cases. *See Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed. (2d) 488 (1993). *Austin* left it to the lower courts, however, to formulate tests to determine when a violation actually occurs. Following the Court's directive, the Fourth Circuit Court of Appeals set forth a three-part instrumentality test which we adopt as the law of this state. *United States v. Chandler,* 36 F. (3d) 358 (4th Cir. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1792, 131 L.Ed. (2d) 721 (1995). Under this test, a court must examine (1) the nexus between the offense and the property and the extent of the property's role in the offense, (2) the role and culpability of the owner, and (3) the possibility of separating offending property that can readily be separated from the remainder. Factors which may be considered in measuring the strength and extent of the nexus between the property and the offense are: (1) whether the use of the property in the offense was deliberate and planned or merely inci-

dental and fortuitous; (2) whether the property was important to the success of the illegal activity; (3) the time during which the property was illegally used and the spacial extent of its use; (4) whether its illegal use was an isolated event or had been repeated; and (5) whether the purpose of acquiring, maintaining or using the property was to carry out the offense. *See id.* at 365.

Applying the instrumentality test to the instant case, we conclude the forfeiture of this Jeep is not an excessive fine. First, there was a strong nexus between the Jeep and the drug offenses. When the Jeep was seized, three individuals (Billy Neal, Frank Feemster, and Donald Mitchell a/k/a Elwando Rolanda James a/k/a Kojak) were inside. All three were targets of a drug investigation and were arrested and convicted on criminal drug charges. They were frequently observed driving the Jeep over a period of some time. Two police officers testified appellant told them the Jeep was being used to bring drugs from Florida, she herself having made several trips. Another witness testified Kojak sold her cocaine from the Jeep. When the Jeep was seized, a white substance was found inside Kojak's mouth; he had been trying to swallow it before the police got him. The Jeep was repeatedly used by these individuals to bring drugs into York County over a substantial period of time, although there was testimony that they owned their own cars. This tends to show the Jeep was purposely and deliberately used to carry out the drug offenses.

Regarding the second prong, that of the owner's culpability, there was testimony that appellant had transported drugs in the Jeep and knew others were doing so. Further, the jury rejected her innocent owner defense, thus indicating it found her culpable to some degree. Appellant's assertion that her acquittal of criminal charges shows her lack of culpability is incorrect. Merely because she was not convicted of committing drug offenses herself does not mean she did not know others were using her property to do so.

The third prong, that of severability, is not applicable in this case. We conclude that "the property was a substantial and meaningful instrumentality in the commission of the offense," *id.*, and thus the Jeep's forfeiture would not constitute an excessive fine.

## V. *Prior Criminal Act Evidence*

Appellant argues the following evidence was inadmissible because it was irrelevant: (1) criminal drug convictions of Frank Feemster and Kojak arising out of the same state grand jury investigation resulting in the Jeep's seizure; (2) testimony regarding police surveillance of appellant's home; (3) Billy Neal's testimony that he sold drugs at appellant's house; and (4) Pamela Nealy's testimony regarding drug sales at appellant's house.

The only exception properly preserved below concerned the admission of police surveillance testimony. The admission of the rest was not properly objected to at trial. To preserve an issue for appeal, a contemporaneous objection is necessary and specific grounds must be clearly stated. *State v. White,* 311 S.C. 289, 428 S.E. (2d) 740 (1993); *State v. Lynn,* 277 S.C. 222, 284 S.E. (2d) 786 (1981).

"All that is required to render evidence admissible is that the fact shown thereby legally tends to prove, or make more or less probable, some matter in issue and bear directly or indirectly thereon." *Ellison v. Simmons,* 238 S.C. 364, 120 S.E. (2d) 209 (1961). Furthermore, the admission of evidence is within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a clear abuse of discretion. *Washington v. Whitaker,* 317 S.C. 108, 451 S.E. (2d) 894 (1994). The state sought forfeiture under S.C. Code Ann. § 44-53-520(4) (Supp. 1994), which includes "[a]ll property, both real and personal, which in any manner is knowingly used to facilitate production, manufacturing, distribution, sale, importation, exportation, or trafficking in various controlled substances as defined in this article." Appellant claimed she was an innocent owner. S.C. Code Ann. § 44-53-586 (Supp. 1994). We find the evidence regarding police surveillance of appellant's house was relevant to the issue of her innocent ownership.

We affirm the trial court on all issues raised by appellant and direct that the subject property be disposed of as ordered below.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.