THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 George M. Ducworth,
 Solicitor, Tenth Judicial
 Circuit,        Respondent,
 
 
 

v.

 
 
 
 Donald Stubblefield, One
 Mobile Home, Serial Number HON56014CK3516528 and Real Property known as
 167-C Holbrooks Circle, Westminster,
 S.C.,        Appellant.
 
 
 

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No.
2005-UP-523
Submitted August 1, 2005  Filed September 15, 2005  

AFFIRMED

 
 
 
 Beattie B. Ashmore, of Greenville, for Appellant.
 J. David Standeffer and
 James Brislane, both of Anderson, for Respondent.
 
 
 

PER CURIAM: George Ducworth,
solicitor for the Tenth Judicial Circuit, brought this civil forfeiture action
against Donald Stubblefield seeking the forfeiture of Stubblefields real
property pursuant to S.C. Code Ann. §44-53-520 (2002).  The trial judge
heard the case without a jury and confirmed the forfeiture in favor of the
State.  Stubblefield appeals.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the
following authorities:
1.  The trial judge did not err
in affirming the forfeiture because the state had probable cause to seize
Stubblefields property:  S.C. Code Ann. § 44-53-520(a)(4) (2002)
(providing that [a]ll property, both real and personal, which in any manner
is knowingly used to facilitate production, manufacturing, distribution, sale,
importation, exportation, or trafficking in various controlled substances is
subject to forfeiture); Medlock v. One 1985 Jeep Cherokee VIN
1JCWB782FT129001, 322 S.C. 127, 131, 470 S.E.2d 373, 376 (1996) (The
purpose of a forfeiture hearing is to confirm that the State had probable cause
to seize the property forfeited.); Boas v. Smith, 786 F.2d 605,
609 (4th Cir.1986) (stating the initial burden is on the State to demonstrate
probable cause for belief that a substantial connection exists between the
property to be forfeited and the criminal activity defined by statute); Medlock,
322 S.C. at 131, 470 S.E.2d at 376 (quoting S.C.Code Ann. §
44-53-586(b)(1) (Supp. 1994)) (If probable cause is shown, the burden then
shifts to the [property] owner to prove that he or she was not a consenting
party to, or privy to, or did not have knowledge of, the use of the property
which made it subject to seizure and forfeiture.) City of Sumter
Police Dept v. One (1) Blue Mazda Truck VIN No. JM2UF1132N0294812,
330 S.C. 371, 373, 498 S.E.2d 894, 895 (Ct. App. 1998) (holding an action for
forfeiture of property is a civil action at law); Townes Assocs. v. City of
Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) (In an
action at law, on appeal of a case tried without a jury, the findings of fact of
the judge will not be disturbed upon appeal unless found to be without evidence
which reasonably supports the judge's findings.).
2.  The forfeiture of
Stubblefields property does not violate the Excessive Fines Clause: Austin
v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488
(1993) (holding the Excessive Fines Clause is applicable to civil forfeiture
cases); United States v. Candler, 36 F.3d 358, 365 (4th Cir.1994)
(stating to determine if a violation of the Excessive Fines Clause occurred, a
court must examine (1) the nexus between the offense and the property and the
extent of the propertys role in the offense, (2) the role and culpability of
the owner, and (3) the possibility of separating offending property that can
readily be separated from the remainder); Id. (providing the following
factors to consider in measuring the strength and extent of the nexus between
the property and the offense: (1) whether the use of the property in the offense
was deliberate and planned or merely incidental and fortuitous; (2) whether the
property was important to the success of the illegal activity; (3) the time
during which the property was illegally used and the spacial extent of its use;
(4) whether its illegal use was an isolated event or had been repeated; and (5)
whether the purpose of acquiring, maintaining or using the property was to carry
out the offense); Medlock at 132, 470 S.E.2d at 377 (adopting the Fourth
Circuit Court of Appeals three-part instrumentality test to determine when a
violation occurs). 
AFFIRMED.
HEARN, C.J., and STILWELL and
KITTREDGE, JJ., concur.     

[1]  Because oral argument would not aid the court in resolving
the issues on appeal, we decide this case without oral argument pursuant to Rule
215, SCACR.