THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Coralean Montgomery, Respondent,
v.
Wateree Community Actions, Inc., Appellant.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-145
Submitted March 1, 2006  Filed March 13, 2006

AFFIRMED

 
 
 
Ronnie Alan Sabb, of Kingstree; for Appellant.
Chalmers C. Johnson and Bonnie T. Hunt, of Charleston; for Respondent.
 
 
 

 PER CURIAM:  Wateree Community Actions, Inc. (also referred to as the Agency) appeals a judgment in a retaliatory discharge action, arguing the plaintiff, Coralen Montgomery, failed to effect service of process.  We affirm.[1]
FACTS AND PROCEDURAL BACKGROUND
On December 4, 2001, Montgomery was fired from her employment as a bus driver and custodian with Wateree Head Start, a division of Wateree Community Actions, Inc., after leaving a child unattended on her bus at the end of her route.  In the letter of termination sent to Montgomery, Georgia M. Mance, the Head Start director, cited as the reason for Montgomerys discharge her failure to follow certain program policies established to prevent such hazards.
Montgomery appealed her termination in accordance with the Agencys internal grievance procedures.  Although the Agency acknowledged receipt of her appeal and scheduled a hearing with the Head Start Policy Council Grievance Committee, the hearing was postponed twice at the request of Montgomerys attorney.  On January 31, 2002, after the second postponement, Mance wrote to Montgomery advising that, because the Head Start Office had not heard from her since her attorney made the second request for a continuance, her appeal had become void for lack of timely communication and not following through on an appeal which [she] requested.  Mance further informed Montgomery the Head Start Policy Council continue[d] to uphold its action and any further pursuit of her appeal should be done in writing and sent to Rubye J. Johnson, the Agencys executive director, at a post office box address in Sumter.  Apparently, however, Montgomery did not continue her appeal within the Agency.
On May 22, 2002, Montgomery filed a summons and complaint against the Agency for wrongful discharge.  In her pleadings, Montgomery alleged the Agency had fired her in retaliation for a workers compensation claim she had filed.  Montgomerys attorney served the pleadings by certified mail, return receipt requested.  According to the return receipt card, the pleadings were delivered on May 31, 2002, to 116 E. Canal Street, Sumter, SC  29150, and were accepted by Howard Parnell, an employee of the Agencys weatherization program.  The pleadings were never delivered to Mance, Johnson, or any other person authorized by the Agency to accept service of process.
On July 12, 2002, Montgomery moved for default judgment and requested a damages hearing in the case.  According to the cover letter, Montgomerys attorney sent the notice of the default hearing to 13 South Main Street, Sumter, SC  29150, the correct address for the Agencys main administrative offices.  Upon receiving the notice, Rubye Johnson contacted the Agency attorney.  
In its brief to this court, the Agency stated that, at the hearing on Montgomerys motion for default, her attorney presented (1) proof of service as evidenced by the return receipt signed by Parnell and the cover letter to the Agency, with which the summons and complaint were enclosed; (2) a document purporting to show that, according to the records maintained by the South Carolina Secretary of State, the Agencys registered agent information was listed as Principle [sic] Office, 116 E. Canal Street, Sumter, South Carolina.  Counsel for the Agency presented a letter its attorney had received from Johnson, the executive director, averring (1) neither she nor anyone else at the administrative offices had received the pleadings, and (2) the agency had been located at the 13 South Main Street address since the mid-1980s.  In the letter, Johnson further stated (1) the Canal Street address where the summons and complaint were mailed was now the parking lot for the Sumter County Public Library; (2) the building that the Agency used at that address had been demolished in the 1970s; (3) Parnell was the director of the Agencys weatherization program and his office was located at 316 South Harvin Street, Sumter, South Carolina; and (4) Parnell did not recall signing for any certified mail addressed to the Agency.
On August 27, 2003, the trial court filed an order finding the Agency to be in default.  In the order, the trial court also found Montgomery entitled to Judgment by default on all causes of action as plead [sic] in the Complaint, and for all damages set forth in the Complaint and stated it would set a damages hearing.
At a nonjury damages hearing on August 4, 2004, the trial court awarded Montgomery a judgment of $24,140 against the Agency.  The Agency appeals.
LAW/ANALYSIS
On appeal, the Agency argues the trial court erred in granting Montgomerys motion for default judgment, contending (1) the judgment was void because service of process was ineffective under Rule 4(d)(8) of the South Carolina Rules of Civil Procedure in that the delivery was not restricted to the addressee; (2) there was no evidence that Parnell was an officer or manager of the Agency or otherwise authorized to accept service of process on its behalf; and (3) Montgomery herself acknowledged at the damages hearing that she had known for eleven years the Agencys main office was on South Main Street, but could not explain why the summons and complaint were sent to the Canal Street address.  These arguments, however, when evaluated in conjunction with the record before us, are insufficient to reverse the default judgment.
Rule 4 of the South Carolina Rules of Civil Procedure, which governs service of process on defendants in civil actions, serves two purposes, one of which is to confer personal jurisdiction on the court over the defendant.[2]  Objections to personal jurisdiction, unlike subject matter jurisdiction, are waived unless raised.[3]  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).[4]  
It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.[5]  Furthermore, [t]he appellant has the burden of providing this court with a sufficient record upon which to make a decision.[6]
The Agency alleged in its brief that, during the course of the default hearing, it submitted a letter from Rubye Johnson regarding its correct location and Parnells status as an employee.  The record, however, does not contain a transcript of this hearing.  Furthermore, even if we were give the Agency the benefit of the doubt and assume for the purpose of this appeal that it moved to set aside the entry of default and raised these issues to the trial court, neither the order issued pursuant to this hearing nor the order issued after the damages hearing ruled on either of these arguments.  Under these circumstances, we hold there is no basis on which we can reverse the default judgment against the Agency.
 AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Moore v. Simpson, 322 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct. App. 1996).
[3]  Bakala v. Bakala, 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003).
[4]  Rule 55(c), SCRCP.
[5]  Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004).
[6]  Medlock v. One 1985 Jeep Cherokee 1JCWB7828FT129001, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996).