THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Atlantic Coast Builders and Contractors, Respondent,
 v.
 Laura Lewis, Appellant.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Circuit Court Judge
Unpublished Opinion No.  2009-UP-042
Submitted January 2, 2009  Filed January
 15, 2009
AFFIRMED 

 
 
 
 Hemphill P. Pride, II, of Columbia, for Appellant.
 Beth Ann Gilleland, of Bluffton and John P. Qualey, Jr., of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM: Atlantic
 Coast Builders, LLC (Atlantic), brought this action against Laura Lewis for
 negligent misrepresentation, unjust enrichment, breach of lease, and breach of
 quiet enjoyment.  Lewis answered and filed a counterclaim for breach of
 contract.  The trial court granted judgment to Atlantic for negligent
 misrepresentation in the amount of $10,160.79.  Lewis appealed.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.    
1.  As to whether the trial court
 erred in denying Lewiss directed verdict motion: State v. Bailey, 368
 S.C. 39, 43 n. 4, 626 S.E.2d 898, 900 n. 4 (Ct. App. 2006) (If a defendant
 presents evidence after the denial of his directed verdict motion at the close
 of the [plaintiffs] case, he must make another directed verdict motion at the
 close of all evidence in order to appeal the sufficiency of the evidence.); Dodge
 v. Dodge, 332 S.C. 401, 418, 505 S.E.2d 344, 353 (Ct. App. 1998)
 (holding an issue not specifically raised in an Rule 59(e),
 SCRCP, motion for reconsideration was not preserved
 for review); Fickling v. City of Charleston, 372 S.C. 597, 601, 643
 S.E.2d 110, 112 (Ct. App. 1997) (viewing a motion in a non-jury case as a directed
 verdict motion where the parties treated the motion as a directed verdict
 motion and noting a trial courts ruling on an issue becomes the law of the
 case where the appellant fails to take exception to it both before the trial
 court and on appeal); Ducworth v. Neely, 319 S.C. 158, 159 n.1, 459
 S.E.2d 896, 897 n.1 (Ct. App. 1995) (providing the motion styled directed
 verdict was instead a motion for dismissal under Rule 41(b) because it was a
 non-jury action).
2.  As
 to whether the trial court erred in granting judgment against Lewis and denying
 her counterclaim: Butler Contracting, Inc., v. Court Street, LLC,
 369 S.C. 121, 127, 631 S.E.2d 252, 255 (2006) (holding in an action at law tried without a jury, the
 courts findings of fact will be upheld on appeal when reasonably supported by
 the evidence); Slack v. James, 356 S.C. 479, 482, 589 S.E.2d 772,
 774 (Ct. App. 2003) (The recipient of a fraudulent misrepresentation of
 fact is justified in relying on its truth, although he might have discovered
 its falsity through investigation.); Bivens v. Watkins, 313 S.C. 228,
 230-35, 437 S.E.2d 132, 133-36 (Ct. App. 1993) (applying a legal
 standard of review on appeal from causes of action alleging negligent misrepresentation, fraud, and breach of fiduciary duty
 and holding the judging of the credibility of witnesses
 and the weighing of evidence in a law case are uniquely functions of the trial court); AMA Management Corp.
 v. Strasburger, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992)
 (holding to establish liability for negligent misrepresentation, the plaintiff
 must show: (1) the defendant made a false representation to the plaintiff; (2)
 the defendant had a pecuniary interest in making the representation; (3) the
 defendant owed a duty of care to see that he communicated truthful information
 to the plaintiff; (4) the defendant breached that duty by failing to exercise
 due care; (5) the plaintiff justifiably relied on the representation; and (6)
 the plaintiff suffered a pecuniary loss as the proximate result of his reliance
 upon the representation.).    
3.  As to whether the trial court erred in awarding Atlantic
 its award of the security deposit: Staubes
 v. City of Folly Beach, 339 S.C. 406,
 412, 529 S.E.2d 543, 546 (2000) (holding an issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 court to be preserved for appellate review); State v. Nelson, 331 S.C.
 1, 6 n. 6, 501 S.E.2d 716, 718 n. 6 (1998) ([T]he ultimate goal behind
 preservation of error rules is to insure that an issue raised on appeal has
 first been addressed to and ruled on by the trial court.).
AFFIRMED.

HUFF,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.