THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Respondent, Defendants,
 Of whom Sonya G.
 is the, Appellant.
 In the interest of a minor under the age of 18.
 
 
 
 

Appeal from Kershaw County
Dana A. Morris, Family Court Judge

Unpublished Opinion No. 2012-UP-077
 Submitted February 1, 2012  Filed
February 8, 2012    

AFFIRMED

 
 
 
 Thomas M. Neal, III, of Columbia, for Appellant.
 Princess Faith Henryhand Hodges, of Columbia, for Respondent.
 Zack Owen Atkinson, of Camden, for Guardian ad Litem.
 
 
 

PER CURIAM: Sonya
 G. (Mother) appeals an order of the family court requiring her to submit to
 psychological and physical examinations, arguing the family court did not have
 jurisdiction or authority to order her to submit to these evaluations prior to
 a finding of abuse or neglect.  We affirm.[1] 
 This is an issue of the family court's authority, not its jurisdiction.[2] 
 The family court has exclusive original jurisdiction over abuse and removal
 proceedings.  S.C. Code Ann. § 63-7-1610(A) (2010).  Although Mother's brief
 argues the family court's ruling was made over her objections, no objection or
 post-trial motion appears in the record.  Because the record does not show that
 Mother raised this issue to the family court, we find this issue unpreserved.  Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It
 is axiomatic that an issue cannot be raised for the first time on appeal, but
 must have been raised to and ruled upon by the trial judge to be preserved for
 appellate review."); see also Medlock v. One 1985 Jeep Cherokee
 VIN 1JCWB7828FT129001, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996)
 ("The appellant has the burden of providing this court with a sufficient
 record upon which to make a decision.").  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We further note that the child at issue reached the
 age of majority during the pendency of this appeal and any further proceedings
 may be moot.