**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Faubel, Appellant,

v.

Tom K. Pate, Respondent.

Appellate Case No. 2017-001074

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-255
Submitted June 1, 2019 – Filed July 17, 2019

———————

**AFFIRMED**

———————

Gregory Faubel, of Loris, pro se.

Tom K. Pate, of Myrtle Beach, pro se.

———————

**PER CURIAM:** Gregory Faubel appeals an order by the circuit court affirming the magistrate's decision in this ejectment action. On appeal, Faubel argues the circuit court erred by failing to find the action was related to the breach of a land sales contract. We note our review of this matter is constrained by the omission of the magistrate's return and the contract between Faubel and Pate from the record on

appeal.[1]  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) ("The appellant has the burden of providing this court with a sufficient record upon which to make a decision."); *see also Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We also acknowledge the magistrate generally does not have subject matter jurisdiction over an action when title to real estate is at issue.  *See* S.C. Code Ann. § 22-3-20 (2007) ("No magistrate shall have cognizance of a civil action . . . [w]hen the title to real property shall come in question, except as provided in Article 11 of this chapter.").  However, without the contract between the parties, we cannot say that a landlord-tenant relationship did not exist; thus, we cannot conclude the magistrate exceeded his jurisdiction.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.